UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

REGINA DAVANTES,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER
DANIELLE ALAMRANI, shield # 28842, SERGEANT
GERARD IUCCI, shield # 0865, POLICE OFFICER
GEORGE CRISTINO, shield # 0366, POLICE OFFICER
JOSEPHINE BARONEBAUER, shield # 27497, POLICE
OFFICER LEANNA BROWN, shield # 24900, POLICE
OFFICER JUSTIN LONDONO, shield # 23191, POLICE
OFFICER THOMAS SOSNOWSKI, shield # 16931,
LIEUTENANT SEAN WILLIAMS, tax # 916919,

                              Defendants.

------------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

CV 13 1286 (CBA) (JO)

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action against the City of New York and several New York City Police Officers of the 94th Precinct alleging that, on December 25, 2012, defendants violated her rights under 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution and New York state law by unlawfully entering and searching her home, falsely arresting her, using unreasonable force on her, assaulting her and battering her.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide her New York state law claims of false arrest, assault, battery, trespass and vicarious liability which form part of the same case and controversy as her federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is subject to personal jurisdiction in this District and because the incident in question occurred in this District.

### JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

### NOTICE OF CLAIM

6. A notice of claim was duly filed with the City of New York within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's claims.

7. The City did not send plaintiff a notice of 50-h hearing.

8. This action is brought within one year and ninety days of the arrest of plaintiff.

### PARTIES

9. Plaintiff is a resident of Brooklyn.

10. The City of New York is a municipal corporation organized under the laws of the State of New York.

11. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

## STATEMENT OF FACTS

12. On December 25, 2012, at 9:30 a.m., plaintiff was inside her home located at 280 Frost Street, apartment # 5H, in Brooklyn.

13. Inside the apartment with plaintiff was plaintiff's son, Derrell Davantes, and Derrell's friend Dason Beam.

14. Defendants responded to plaintiff's home after receiving a call from Kiana Ortiz stating that Beam violated an order of protection on July 4, 2011 at 275 Jackson Street in Brooklyn, and further stating that Beam was inside plaintiff's home.

15. Plaintiff and Derrell told the defendants that Beam was inside their home but that the police could not enter without a warrant.

16. A white male police officer responded by stating "fuck that" and tasered Derrell.

17. Some of the taser prongs hit plaintiff, causing her pain and injury. The shock of the taser caused plaintiff to urinate on herself.

18. Defendants then dragged plaintiff out of her home, slammed plaintiff into a wall, twisted plaintiff's arms, and handcuffed plaintiff unreasonably tight.

19. Defendants' use of force caused plaintiff pain and injuries including bruising and swelling.

20. Defendants entered and searched plaintiff's home and arrested Beam.

21. Defendants did not have a warrant authorizing them to enter and search plaintiff's home.

22. Defendants did not have consent authorizing them to enter and search plaintiff's home.

23. Defendants did not have exigent circumstances authorizing them to enter and search plaintiff's home.

24. Defendants arrested plaintiff, Derrell and Beam and brought them to the 94th Precinct. In the precinct, Lt. Sean Williams approved the arrest of plaintiff despite knowing that the arrest was unlawful.

25. While plaintiff was in the precinct, Officer Alamrani, with the acquiescence and approval of the other defendants, falsely alleged in police reports that plaintiff unlawfully refused to allow the defendants to enter plaintiff's home, attempted to prevent defendants from arresting Derrell, yelled and screamed and threw herself onto the floor, and resisted arrest.

26. An ambulance treated plaintiff at the precinct.

27. Plaintiff was eventually taken to Brooklyn Central Booking.

28. While plaintiff was held in Brooklyn Central Booking, Officer Alamrani, with the acquiescence and approval of the other defendants, misrepresented to prosecutors that plaintiff unlawfully refused to allow the defendants to enter plaintiff's home, attempted to prevent defendants from arresting Derrell, yelled and screamed and threw herself onto the floor, and resisted arrest.

29. The Kings County District Attorney's Office assessed defendants' case against plaintiff and declined prosecution, resulting in plaintiff being released from custody on December 26, 2012, in the early afternoon.

30. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for approximately 27.5 hours and suffered a loss of liberty, emotional distress, fear,

anxiety, sadness, embarrassment, humiliation, and pain and injuries, including bruising and swelling.

## FIRST CLAIM

### (FALSE ARREST)

31. Plaintiff repeats the foregoing allegations.

32. At all relevant times, plaintiff did not commit a crime or violation.

33. Despite plaintiff's innocence, the defendants arrested plaintiff.

34. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE)

35. Plaintiff repeats the foregoing allegations.

36. Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain and injury.

37. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

## THIRD CLAIM

### (UNLAWFUL ENTRY AND SEARCH OF HOME)

38. Plaintiff repeats the foregoing allegations.

39. Defendants entered and searched plaintiff's apartment without a warrant, consent or exigent circumstances.

40. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for unlawful entering and searching her home.

## FOURTH CLAIM

### (FAILURE TO INTERVENE)

41. Plaintiff repeats the foregoing allegations.

42. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

43. Accordingly, the defendants are liable to plaintiff under the Fourth Amendments for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## FIFTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

44. Plaintiff repeats the foregoing allegations.

45. At all relevant times, plaintiff did not commit a crime or violation.

46. Despite plaintiff's innocence, the defendants arrested plaintiff.

47. Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

## SIXTH CLAIM

### (ASSAULT)

48. Plaintiff repeats the foregoing allegations.

49. Defendants' seizure and search of plaintiff and use of force upon plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts which injured her.

50. Accordingly, the defendants are liable to plaintiff under New York state law for assault.

## SEVENTH CLAIM

### (BATTERY)

51. Plaintiff repeats the foregoing allegations.

52. Defendants' seizure and search of plaintiff and use of force upon plaintiff were offensive and nonconsensual physical contacts which injured plaintiff.

53. Accordingly, the defendants are liable to plaintiff under New York state law for battery.

## EIGHTH CLAIM

### (TRESPASS)

54. Plaintiff repeats the foregoing allegations.

55. Defendants entered and searched plaintiff's apartment unlawfully.

56. Accordingly, the defendants are liable to plaintiff under New York State law for trespass.

## NINTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

57. Plaintiff repeats the foregoing allegations.

58. Defendants were performing their duties as New York City Police Officers when they entered plaintiff's home.

59. Defendants were performing their duties as New York City Police Officers when they searched plaintiff's home.

60. Defendants were performing their duties as New York City Police Officers when they arrested plaintiff.

61. Defendants were performing their duties as New York City Police Officers when they used force on plaintiff.

62. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for trespass, false arrest, assault and battery.

WHEREFORE, plaintiff demands the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Attorney's fees and costs;

    d.    Such other and further relief as the Court may deem just and proper.

DATED:    June 9, 2013

/s/

_____

RICHARD CARDINALE  
Attorney at Law  
26 Court Street, Suite # 1815  
Brooklyn, New York 11242  
(718) 624-9391  
richcardinale@gmail.com (not for service)